# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**ISRAEL GONZALES MENDEZ**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:12-MJ-358

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq
  ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 50 years old. He has no ties to the Western District of Michigan. He has been incarcerated in the Eaton County Jail during the past month on state charges because he was unable to post a $1,000,000 bond.

Defendant has a lengthy criminal record beginning with an armed robbery conviction in 1980, for which he was sentenced to six years in prison. He has been convicted of resisting law enforcement on three occasions. Defendant failed to appear for court proceedings on five separate dates. A number of his convictions flow into each other. (Continued on Attachment)

### Part II - Written Statement of Reasons for Detention

I find nothing in the evidence to rebut the presumption that defendant is both a flight risk and a danger to the community, in light of his repeated failures to appear for court proceedings and his lengthy criminal record, which includes prison terms for three separate convictions for possessing or dealing in controlled substances, and because the proofs indicate that he is continuing to traffic in substantial amounts of drugs. In the alternative, even absent the (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 20, 2012

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:12-mj-00358-HWB   ECF No. 10 filed 11/27/12   PageID.17   Page 2 of 2

United States v. **ISRAEL GONZALES MENDEZ**
1:12-MJ-358
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

For example, in April 1995, defendant was given a year's suspended sentence for resisting law enforcement.  The suspended sentence was revoked on October 23, 1995, the same day defendant was charged with a battery.  Defendant was given another one-year suspended sentence, but a month later was re-referred to the Center for Non-Violence, the day before he was charged with resisting law enforcement.  Defendant was apparently given another one-year suspended sentence along with some community service, but the sentence was modified two months later to a jail term shortly after defendant was charged with criminal conversion on January 23, 1996.  This time the defendant was given one year in jail.

On May 23, 1997, approximately five months after defendant completed his sentence for criminal conversion, he was charged with invasion of privacy and battery for which he was given another year in jail.  That sentence was suspended three months later on August 15, 1997, upon completion of counseling.  Unfortunately ten days later, on August 25, 1997, defendant was found guilty of being in contempt of court and the earlier sentence was reinstated.  The contempt of court apparently arose out of charge of battery on August 24, 1997.

In addition to stringing charges together, defendant has also been convicted of several more significant offenses, including possession of controlled substances (3 years in prison), possession of cocaine (3 years in prison), reckless possession of paraphernalia (1 year in prison), invasion of privacy and resisting law enforcement (6 months in jail concurrent), dealing in marijuana, hash oil or hashish (8 years in prison, to run concurrent with a 1 1/2 year sentence for battery and invasion of privacy).

Defendant admits to smoking marijuana on a weekly basis for 21 years and using cocaine daily for seven years, but claims to have stopped using both drugs in 2000.  Defendant claims he stopped using alcohol in 2003.

Defendant was stopped for a traffic offense in Eaton County on October 25, 2012, and 2.6 kilograms of powder cocaine and a 144 grams of crack cocaine in three separate bricks were found in a bag in front of the passenger seat.  Defendant was alone in the car and told the arresting officer that while the car belonged to his daughter, the contents of the car belonged to him.

Homeland Security reports defendant crossed the Texas/Mexican border four times during the past year.

**Part II - Written Statement of Reasons for Detention** - (continued)

presumption, I find that the government has shown by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant in light of the fact that he has no ties to this district; that while he has ties in a neighboring state, he has failed to appear there on five occasions; he has traveled to Mexico four times this year; and has had several drug-related convictions; and, at age 50, presumably faces a substantial penalty if he is convicted on the present charge.  I also find that the government has proven by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community based on defendant's lengthy criminal history as detailed above, which again includes an on-going pattern of criminal behavior and drug-involved offenses.